

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OFF IT INC, a Washington State corporation and LAYNE E HUBER, in his individual capacity, | No. 13-35408 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-05701-RBL |
| v. | MEMORANDUM* |
| THURSTON COUNTY, a municipal corporation and CITY OF LACEY, a municipal corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 11, 2014
Seattle, Washington

Before: ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Appellants Off-It, Inc. and Layne Huber (collectively "Huber") appeal from

the district court's grant of summary judgment in Appellee Thurston County's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

favor on Huber's claim against the County under 42 U.S.C. § 1983 for ratifying a constitutional violation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In his briefing, Huber identified the sole constitutional violation at issue in this case as the County prosecutor's "indefinite withholding" of the allegedly stolen property officers seized as evidence for criminal charges the County prosecutor had not yet brought but contended it would bring in the future.[1] Huber did not specify the federal constitutional violation he contended the County ratified. His complaint and his briefs on appeal suggest, however, that the County ratified an unconstitutional deprivation of property without due process in violation of the Fourteenth Amendment.

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Washington Superior Court Criminal Rule 2.3(e) ("CrR 2.3(e)") supplies such a remedy here.

---

[1] The County represented at oral argument that it will not file stolen property charges against Huber, a representation that is consistent with its post-argument filing in this Court.

2

Although Huber contends that CrR 2.3(e) is an inadequate postdeprivation remedy, the rule's allowance for an evidentiary hearing that places the initial burden on the state undermines any such contention. *See State v. Marks*, 790 P.2d 138, 144 (Wash. 1990) (en banc) ("An evidentiary hearing is required under CrR 2.3(e) where the State and the defendant can offer evidence of their claimed right to possession," at which "[t]he State has the initial burden of proof to show right to possession.").

Huber argues that a CrR 2.3(e) motion here "would have no basis in law or fact" because Thurston County contends it holds the property as evidence for charges the prosecutor intends to file but has not. Huber conceded at oral argument, however, that he has filed a CrR2.3(e) motion since the district court entered judgment and after he took this appeal. That motion remains pending before the Washington State Superior Court. Because he has now filed a challenge under CrR. 2.3(e) and failed previously to avail himself of this state postdeprivation remedy, Huber cannot, at this juncture, demonstrate that Thurston County may be liable for ratifying a violation of federal law.

**AFFIRMED.**